

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-26-2010

# Harold Wolford v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3877

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Harold Wolford v. USA" (2010). *2010 Decisions.* Paper 2010.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/2010

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3877
_____

HAROLD T. WOLFORD,
                                                Appellant
                    vs.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:09-cv-00731)
District Judge:  Honorable Maurice B. Cohill
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 30, 2009
Before:  Chief Judge SCIRICA, WEIS and GARTH, Circuit Judges

(Opinion filed: January 26, 2010)

OPINION
_____

1

PER CURIAM

Pro se appellant Harold Wolford, a federal pretrial detainee currently incarcerated in Youngstown, Ohio, appeals from the District Court's order dismissing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Because the appeal does not present a substantial question, we will summarily affirm. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

**I.**

In January 2008, Wolford was indicted in the United States District Court for the Western District of Pennsylvania on cocaine and weapon possession charges. Counsel was appointed to represent him and the Magistrate Judge ordered him temporarily detained pending a hearing. On May 11, 2009, Wolford filed a pro se petition to dismiss the indictment in his criminal case, challenging the court's jurisdiction and seeking his immediate release. This petition was denied by the Magistrate Judge. Dissatisfied with that result, Wolford initiated the instant civil action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, again challenging the court's jurisdiction and seeking his release from detention. In his complaint, Wolford again claimed that Public Law 80-772 and 18 U.S.C. § 3231 were enacted unconstitutionally, and thus the District Court lacked jurisdiction to prosecute him. The District Court dismissed the petition, concluding that Public Law 80-772 and 18 U.S.C. § 3231 were

2

properly enacted and constitutional. Wolford now appeals from the order of the District Court dismissing his petition for habeas corpus pursuant to 28 U.S.C. § 2241.

**II**.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary view over the District Court's dismissal. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000). Summary action is warranted when no substantial question is presented on appeal. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

Wolford's habeas petition was properly denied. His contention that he is being held in custody pursuant to an unlawful grant of jurisdictional authority because the criminal jurisdiction statute, 18 U.S.C. § 3231, was enacted by less than a quorum of Congress, is without merit. Section 3231 was properly enacted and is binding. The 1948 amendment to that statute, Public Law 80-772, passed both houses of Congress and was signed into law by President Truman on June 25, 1947. See United States v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006).

We will summarily affirm the District Court's judgment denying habeas relief.